## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATIONAL PUBLIC RADIO, INC.** | ) | |
| 1111 N. Capitol St. NE | ) | |
| Washington, DC 20002 | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ALISON KODJAK** | ) | |
| 6913 Westmoreland Ave. | ) | |
| Takoma Park, MD 20912 | ) | |
| | ) | Civil Action No. 1:19-cv-893 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF HEALTH & HUMAN SERVICES** | ) | |
| 200 Independence Ave. SW | ) | |
| Washington, DC 20201 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs National Public Radio, Inc. and Alison Kodjak (collectively, "NPR"), by their undersigned attorneys, allege as follows:

## INTRODUCTION

1.      This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking the release of agency records from the United States Department of Health & Human Services ("HHS").

2.      Through this action, NPR seeks to compel HHS to release information regarding the daily calendar of Roger Severino, Director of the HHS Office for Civil Rights, between March 24, 2017 and February 16, 2018, and his email communications containing specific

keywords related to abortion and reproductive rights.

3.     NPR made two separate requests – in February and July 2018 – for these records and still has received no substantive response from the agency.  This is a violation of HHS's duties pursuant to FOIA and constitutes an improper delay and constructive denial of NPR's FOIA requests.  Accordingly, this Court should require HHS to fulfill its statutory obligations and release the requested records immediately.

## PARTIES

4.     Plaintiff National Public Radio, Inc. is a non-profit multimedia organization organized under the laws of the District of Columbia with its principal place of business in Washington, D.C.   It is the leading provider of non-commercial news, information and entertainment programming to the American public.  NPR's fact-based, independent journalism helps the public stay on top of breaking news, follow the most critical stories of the day, and track complex issues over the long term.  NPR serves an audience of 28.5 million people who listen to NPR programming and newscasts each week via more than 1,000 non-commercial, independently operated radio stations.  NPR also reaches millions of people via its digital properties, including podcasts (which see nearly 24 million unique users each month), social media accounts (which have about 6 million followers on Facebook and about 7.7 million followers on Twitter), apps (which see about 1.9 million unique users each month on the NPR App and about 530,000 unique users each month on NPR One), and NPR.org (which sees nearly 40 million unique visitors each month).

5.     Plaintiff Alison Kodjak is a health policy correspondent for NPR based in Washington, D.C.  Among other topics, she covers the business and politics of health care and has published stories about drug prices, limits on insurance, and changes in Medicare and

Medicaid.

6.      Defendant HHS is an agency of the federal government.   It has possession, custody and/or control of the records that NPR seeks.   HHS is located at 200 Independence Avenue SW, Washington, D.C. 20201.

## JURISDICTION AND VENUE

7.      This action arises under FOIA, 5 U.S.C. § 552.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

8.      Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

9.      The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by fostering the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties."   *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989) (citation omitted).   "[D]isclosure, not secrecy, is the dominant objective" of FOIA.   *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (citation omitted).

10.     NPR plays a critical role in providing information to citizens about "what their government is up to."   Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people."   *N.Y. Times Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J., concurring).

11.     Through the FOIA requests at issue here (and through this litigation), NPR seeks to fulfill its journalistic function and to shine a public light on the operations of HHS and Roger Severino, the public official entrusted to direct that agency's Office for Civil Rights.

## REQUEST A

12.     On or about February 16, 2018, NPR submitted to HHS a FOIA request relating to the daily calendar of Roger Severino.  Specifically, it requested (a) "[t]he daily calendar of Roger Severino, director of the Office for Civil Rights" for the dates March 24, 2017 to February 16, 2018 and (b) FOIA logs including the subject matter of that request.  A true and correct copy of this request is attached hereto as Exhibit 1.

13.     Pursuant to FOIA, an agency must respond to a request within 20 working days, or within 30 working days if it can show "unusual circumstances."  *See* 5 U.S.C. § 552(a)(6)(A)(i) & (a)(6)(B)(i).  HHS has not yet substantively responded to NPR's request.

14.     On May 7, 2018, Ms. Kodjak contacted HHS regarding technical difficulties accessing the online FOIA portal to check the status of NPR's request.  A Government Information Specialist employed by HHS, Natasha Taylor, informed Ms. Kodjak that she could expect the release of FOIA logs "very soon" but that "no responsive records" had yet been processed regarding the request for Roger Severino's daily calendar.  A true and correct copy of these communications is attached hereto as Exhibit 2.

15.     After waiting more than seven additional months with no communication from HHS, Ms. Kodjak again attempted to contact HHS.  On or about December 20, 2018, Ms. Kodjak placed a telephone call to HHS's FOIA Office to inquire about the status of NPR's requests.  Ms. Kodjak's call was directed to a voicemail box that was full, and she was unable to leave a message.  That same day, Ms. Kodjak emailed HHS's FOIA email account regarding

NPR's request, but she has yet to receive a response.  A true and correct copy of this unanswered email correspondence is attached hereto as Exhibit 3.

16.     Still having received no substantive response from HHS, NPR engaged undersigned counsel, David J. Bodney, to contact HHS regarding NPR's request.  On January 3, 2019, NPR's counsel phoned Natasha Taylor and reached her voicemail.  He left a detailed message and requested a return call.  To date, HHS has not returned his call.

17.     NPR has exhausted its administrative remedies regarding Request A pursuant to 5 U.S.C. § 552(6)(C)(i) (a requestor "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions").

**REQUEST B**

18.     On July 2, 2018, NPR submitted to HHS a FOIA request for Roger Severino's emails containing a number of keywords related to abortion and reproductive rights.  Specifically, NPR requested "Emails in the accounts of Roger Severino, Director, HHS Office for Civil Rights, from January 1, 2018 to [July 2, 2018], that contain any of the following words or phrases: PRO-LIFE, ABORTION, RIGHT TO LIFE, UNBORN, MOTHER, CONSCIENCE, RELIGIOUS."  A true and correct copy of this request is attached hereto as Exhibit 4.

19.     NPR stated in its request that, although some "portions of a document [may be] exempt from release," HHS should send "all non-exempt portions of the records . . . and justify any deletions by reference to specific exemptions of the FOIA."

20.     To date – more than eight months after the request was made – NPR has received no response from HHS at all, substantive or otherwise.  Pursuant to 5 U.S.C. § 552(6)(A)(i), the deadline for a substantive response was July 31, 2018.

21.     Ms. Kodjak contacted HHS's FOIA Office to inquire about the status of NPR's

request by phone and email on December 20, 2018, but no response from HHS has been forthcoming. *See supra* ¶ 15; Exhibit 3.

22.     NPR has exhausted its administrative remedies regarding Request B pursuant to 5 U.S.C. § 552(6)(C)(i) (a requestor "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions").

## CLAIM FOR RELIEF

### COUNT I
### (Declaratory and Injunctive Relief:
### Violation of the Freedom of Information Act, 5 U.S.C. § 552)

23.     NPR realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

24.     HHS is an agency subject to FOIA, *see* 5 U.S.C. § 552(f)(1), and therefore must disclose in response to a FOIA request all responsive records in its possession at the time of the request that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records (or portions thereof) as to which it claims an exemption.

25.     The records requested in Requests A and B, described herein and attached hereto (Exhibits 1 & 4), are subject to release pursuant to FOIA.

26.     HHS's failure to timely disclose the records sought by Requests A and B violates FOIA, 5 U.S.C. § 552(a)(3)(A).

## REQUEST FOR RELIEF

WHEREFORE, NPR respectfully requests that this Court:

A.  Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

B.  Declare that the records sought by Requests A and B, as more particularly described above, are public records pursuant to FOIA and must be disclosed;

C.  Order HHS to provide the requested records to NPR, including electronic copies

of records stored in electronic format, within 10 business days of the Court's order;

D.  Award NPR the costs of this proceeding, including reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.  Grant NPR such other and further relief as this Court deems just and proper.

Dated:  March 28, 2019                   Respectfully submitted,

                                         BALLARD SPAHR LLP

                                          /s/ Matthew E. Kelley

                                         Matthew E. Kelley (#1018126)
                                         BALLARD SPAHR LLP
                                         1909 K Street NW, 12th Floor
                                         Washington, DC 20006-1157
                                         Tel: (202) 661-2200; Fax: (202) 661-2299
                                         kelleym@ballardspahr.com

                                         David J. Bodney [*pro hac vice application pending*]
                                         BALLARD SPAHR LLP
                                         1 East Washington Street, Suite 2300
                                         Phoenix, AZ 85004
                                         Tel: (602) 798-5400; Fax: (602) 798-5595
                                         bodneyd@ballardspahr.com

                                         *Counsel for Plaintiffs National Public
                                         Radio, Inc. and Alison Kodjak*